IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       No. 1:11-cr-10018-JDB-1

VINSON BRENT TAYLOR,

    Defendant.

---

ORDER DENYING DEFENDANT'S MOTION FOR RELIEF UNDER THE FIRST STEP
ACT OF 2018

---

In a pro se filing dated March 4, 2019, the Defendant, Vinson Brent Taylor, sought relief in the form of a sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "FSA"). (Docket Entry ("D.E.") 135.) On June 20, 2019, pursuant to a Court directive, the Government filed its response (D.E. 140), to which the Defendant replied (D.E. 141). The matter is now ripe for review.

The Defendant was indicted in this district on February 22, 2011, for powder cocaine, crack cocaine, and marijuana offenses in violation of 21 U.S.C. § 841(a)(1). (D.E. 2.) The crimes occurred between September 15, 2010, and January 10, 2011. Pursuant to a guilty plea to Count 4 of the indictment, Taylor was sentenced on February 28, 2013, to 151 months' incarceration, to be followed by three years of supervised release. (D.E. 107, 109.) He is currently confined in Bureau of Prisons custody.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. §

3582(c)). However, the rule is subject to certain narrow exceptions, *id.*, including the FSA, *United States v. Terrell*, No. 2:09-CR-031, 2019 WL 3431449, at *1 (E.D. Tenn. July 29, 2019).

The Anti-Drug Abuse Act of 1986, Pub. L. No. 99-570, 100 Stat. 3207 (1986), established mandatory minimum sentences for possession of crack cocaine with intent to distribute -- five years for possessing five grams and ten years for possession of fifty grams. *United States v. Blewett*, 746 F.3d 647, 649 (6th Cir. 2013). In the summer of 2010, Congress passed the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), which reduced the sentencing disparity between offenses involving crack and powder cocaine by increasing the amount of crack cocaine necessary to trigger the statutory minimum sentences. *Id.* Specifically, the Fair Sentencing Act increased the threshold amount of crack cocaine with respect to § 841 violations from five grams to twenty-eight and from fifty grams to 280. *Id.* The Fair Sentencing Act changes were not retroactive. *Id.*

The FSA, signed into law on December 21, 2018, "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Boulding*, 379 F. Supp. 3d 646, 650 (W.D. Mich. 2019) (quoting *United States v. Simmons*, 375 F. Supp. 3d 379, 385 (E.D.N.Y. 2019)), *appeal filed* (6th Cir. June 25, 2019) (No. 19-1706) & (6th Cir. May 28, 2019) (No. 19-1590). Section 404 of the statute, which rendered the Fair Sentencing Act changes retroactive, states as follows:

> SEC. 404. APPLICATION OF FAIR SENTENCING ACT.
>
> (a) DEFINITION OF COVERED OFFENSE.--In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.--A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced

sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.--No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

§ 404, 132 Stat. at 5222. The district court in *Boulding* established a procedure for evaluating motions for FSA relief. *See United States of America v. Powers*, Case No. 1:09-cr-211-7, 2019 WL 3812012, at *4 (W.D. Mich. Aug. 14, 2019) (adopting *Boulding* analysis), *appeal filed* (6th Cir. Aug. 29, 2019) (No. 19-1980); *Terrell*, 2019 WL 3431449, at *3 (same). The first question to be considered is whether the defendant is eligible for relief under the statutory provisions. *Boulding*, 379 F. Supp. 3d at 651. Upon a finding of eligibility, a court "then determines whether to exercise its discretion to reduce the defendant's sentence." *Id.* at 654.

The Court finds that Taylor is not eligible for relief. The crime charged in Count 4 of the indictment to which he pleaded guilty occurred on December 8, 2010. Thus, because the offense was not committed before August 3, 2010, it is not a "covered offense" for purposes of the FSA. Moreover, when Defendant was sentenced in 2013, the provisions of the Fair Sentencing Act of 2010 were in effect. Therefore, as his "sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010," the Court is prohibited from granting relief by § 404(c).

For the reasons set forth herein, the motion is DENIED.

IT IS SO ORDERED this 6th day of September 2019.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE